IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BILL LIETZKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 2:07-cv-383-WKW-TFM |
| v. ) | [wo] |
| ) | |
| REESE MCKINNEY, *et al.* ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 5, filed May 11, 2007). By Orders filed May 11, 2007, the Magistrate Judge granted permission for this *pro se* plaintiff, Bill Lietzke, to proceed *in forma pauperis*, but stayed further proceedings on his Complaint filed April 24, 2007 because it is evident the Complaint suffers from insurmountable deficiencies which warrant dismissal. (Doc. 6). Against the backdrop of controlling Alabama law, it is the recommendation of the Magistrate Judge to dismiss the action, without any opportunity for amendment and prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).[1]

**I. PARTIES**

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff, Bill Lietzke ("Lietzke" or "Plaintiff"), is a resident of Montgomery, Alabama, within the Middle District of Alabama.

Reese McKinney ("Judge McKinney") is a probate judge in Montgomery County, Alabama. D.T. Marshall ("Sheriff Marshall") is the Chief Law Enforcement Officer in Montgomery County, Alabama. Though Plaintiff specifically names Defendants McKinney and Marshall in the style of the case, he generally makes his allegations against "County of Montgomery Defendants."

## II. COMPLAINT AND TRANSFER FROM U.S. DISTRICT COURT FOR THE DISTRICT OF MARYLAND

On April 24, 2007, in the District of Maryland, Plaintiff filed a Complaint - neither sworn nor notarized - asserting a civil rights action under 42 U.S.C. § 1983 for damages and miscellaneous relief. On May 3, 2007, United States District Judge Richard D. Bennett entered an Memorandum Opinion and Order transferring the action to the Middle District of Alabama.

In this 42 U.S.C. § 1983 action, Plaintiff claims the County of Montgomery, Alabama violated his constitutional rights by subjecting him to excessive force and unlawful detentions. *See* Doc. 1. Specifically, Plaintiff alleges in August 1999, he was taken into custody by the County of Montgomery Defendants. At the August 9, 1999 hearing in probate court, Judge McKinney ordered Plaintiff be sent to the "Alabama Department of Mental Health." *Id*. ¶¶ 1-3  Plaintiff was released from Greil Memorial Psychiatric Hospital on October 19, 1999. *Id*. ¶ 5. On December 19, 2002, County of Montgomery Defendants again took Plaintiff into

custody. *Id*. ¶ 6. On December 23, 2002, after another probate hearing, an unidentified probate judge ordered Plaintiff be sent back to Greil Memorial Psychiatric Hospital. *Id*. ¶ 8. Plaintiff was again released on January 6, 2003. *Id*. ¶ 9.

Plaintiff alleges the above actions by the Defendants violated his civil rights by intentionally and unlawfully detaining and imprisoning him. *See* Doc. 1 ¶¶ 10-14. Plaintiff further alleges the County of Montgomery Defendants struck, shoved, kicked or otherwise touched him and subjected him to unlawful physical contacts. *Id*. ¶ 15.

### III. DISCUSSION

**A.    Dismissal under 28 U.S.C. § 1915 for Claims Barred by Statute of Limitations**

The court shall dismiss a case by a plaintiff proceeding *in forma pauperis* at any time if it determines that the complaint is frivolous, malicious or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B) when it appears the plaintiff "has little or no chance of success." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (quoting *Harris v. Menendez*, 817 F.2d 737, 741 (11th Cir. 1987)). A court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

Clearly, Plaintiff alleges the violations took place more than two years prior to the filing of the instant complaint. As such, the claims run afoul the statute of limitations. While there is no express statute of limitations in the Civil Rights Act, federal courts must look to state law to determine what statute of limitations is applicable and whether that limitations period is tolled. *Dukes v. Smitherman*, 32 F.3d 535, 537 (11th Cir. 1994) (citing *Whitson v. Baker*, 755 F.2d 1406, 1409 (11th Cir. 1985)). Under Alabama law, the most applicable limitations period for personal injury actions is the Alabama general two year statute of limitations for personal injury actions. Ala. Code § 6-2-38; *see Owens v. Okure*, 488 U.S. 235, 249-50, 109 S.Ct. 573, 581-82, 102 L.Ed.2d 594 (1989) (the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Dukes*, 32 F.3d at 537 (§1983 subject to Alabama's general two year statute of limitations for personal injury claims); *Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992) (citing *Owens*); *Burt v. Martin*, 193 Fed. Appx. 829, 830 (11th Cir. 2006) (recent opinion citing *Owens* and stating appropriate statute of limitations is two years).

While the statute of limitations is usually a matter which may be raised as an affirmative defense, in an action proceeding under § 1983, the Court may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. State of Ga. Pardons & Parole Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438, 439-40 (5th Cir. 1990) (dismissal with prejudice civil rights complaint filed *in forma pauperis* and pursuant to § 1983 when barred by two year statute of limitations). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915

<pre>
</pre>
<pre>
</pre>

dismissal is allowed." *Clark*, 915 F.2d at 640. Further, in analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of a defendant or defendants, the district court must evaluate the merit of the claim *sua sponte*." *Id*.

On its face, the complaint alleges violations between 1999 and 2003. Plaintiff filed the instant complaint in 2007, four to seven years after the alleged violations. Accordingly, the complaint is barred by the two year statute of limitations and, therefore, subject to dismissal as frivolous in accordance with 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark*, 915 F.2d at 640.[2]

**B.    Dismissal of Judge McKinney under 28 U.S.C. § 1915(e)(2)(B)(ii) for Absolute Judicial Immunity**

Additionally, Judge McKinney is entitled to absolute immunity from suit under 42 U.S.C. § 1983. *See Scott v. Hayes*, 719 F.2d 1562, 1567 (11th Cir. 1984) (judge performing judicial acts in a matter over which he had jurisdiction is entitled to immunity for his actions under Section 1983). Moreover, the 11th Circuit has explicitly rejected the use of § 1983 as a device for collateral review of state court judgments. *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). The Court should not question whether civil incarceration was appropriate, but rather whether civil incarceration is a judicial activity. *Id*. at 1071. It is clear Judge McKinney's actions in the probate hearing relating to the civil commitment of Plaintiff are

---

[2] Although *Clark* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

judicial acts. As one acting in his judicial capacity, Judge McKinney is entitled to judicial immunity. *Id*. As such, Plaintiff's claims are due dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.    Dismissal of Sheriff Marshall under 28 U.S.C. § 1915(e)(2)(B)(ii) for Eleventh Amendment Immunity**

Plaintiff lists Sheriff Marshall as a defendant in the style of the case, but never asserts any specific individual complaints against him. Thus, it appears Plaintiff only brings his claims against Sheriff Marshall in his official capacity. As such, Sheriff Marshall is protected from suit by the Eleventh Amendment. The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." *See also Toth v City of Dothan, Ala.*, 953 F. Supp. 1502, 1506 (M.D. Ala. 1996) (citing 11th Amendment). Specifically, an unconsenting state is immune from lawsuits brought in federal court by the state's own citizens unless Congress has abrogated immunity or the state has waived its immunity. *Id*. (citations omitted). Congress has not abrogated 11th Amendment immunity in § 1983 cases, nor has Alabama waived its immunity. *Id*. (citing *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990)). State officials "acting in their official capacities" are outside the class of "persons" subject to liability under § 1983. *Hafer v. Melo*, 502 U.S. 21, 22-23, 112 S.Ct. 358, 360-61, 116 L.Ed.2d 301 (1991) (quoting *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989)); *see also Carr*, 916 F.2d at 1525 n.3 (citing *Will*);

*Toth*, 953 F. Supp. at 1507 (citing *Hafner* and *Will*).

A sheriff clearly qualifies as a state officer. *See Carr*, 916 F.2d at 1525; *see also Toth*, 953 F. Supp. at 1506 (citing *Carr*). As such, he would be immune from any suit against him in his official capacity since he is not a "person" subject to liability under § 1983. *Id*. In light of the foregoing, Plaintiff's claims against Sheriff Marshall are also due dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

(1) The action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as the complaint was not filed within the time prescribed by the applicable period of limitations;

(2) Claims against Judge McKinney be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as he is entitled to absolute judicial immunity;

(3) Claims against Sheriff Marshall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as he is entitled to immunity from suit under the Eleventh Amendment and is not a "person" subject to liability under 42 U.S.C. § 1983;

(4) The case be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IT IS FURTHER ORDERED** that the Plaintiff file any objections to the this *Recommendation* on or before **May 29, 2007.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.

Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 16th day of May, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE